UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE OMAR RIVERA,
    *Plaintiff*,

v.

WARDEN BRYAN VIGER,
COMMISSIONER ANGEL QUIROS,
HEADER DOCTOR MS. JONES, and ALL
D.O.C. STAFF,
    *Defendants*.

No. 3:21-cv-00470 (VAB)

# INITIAL REVIEW ORDER

Jose Omar Rivera ("Plaintiff"), an unsentenced inmate confined at New Haven Correctional Center ("NHCC") of the Connecticut Department of Correction ("DOC"),[1] filed this action against NHCC Warden Bryan Viger, DOC Commissioner Quiros, Doctor Jones, and all DOC staff. Compl., (ECF No. 1) (Apr. 5, 2021). Mr. Rivera's application to proceed *in forma pauperis* was granted on May 14, 2021. Order, ECF No. 9 (May 14, 2021). He seeks damages due to the Defendants' alleged indifference to the risk of harm posed by exposing him to COVID-19. *See id.* at 6.

For the following reasons, Mr. Rivera's Complaint is **DISMISSED** without prejudice.

## I.    FACTUAL BACKGROUND[2]

On February 5, 2020, Mr. Rivera allegedly was incarcerated at NHCC. Compl. ¶ 1.

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website shows that Mr. Rivera is unsentenced and confined at NHCC. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=244121.

[2] All factual allegations are drawn from the Complaint.

1

On May 18, 2020, an inmate with COVID-19 symptoms allegedly was placed in Mr. Rivera's cell. *Id.* ¶ 3. He allegedly tested positive for the coronavirus, commonly known as COVID-19, on June 3, 2020. *Id.* ¶ 2. Mr. Rivera allegedly noted correctional officers not wearing masks. *Id.* ¶ 4. The correctional officers also allegedly denied him bleach to sanitize his cell living area and soap to wash his hands. *Id.* ¶¶ 5-6.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555,

2

570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

### III. DISCUSSION

The status of a plaintiff as either a convicted prisoner or pretrial detainee dictates whether his conditions of confinement are analyzed under the Eighth or Fourteenth Amendments. Claims of pretrial detainees involving deliberate indifference to medical needs or unsafe conditions of confinement are considered under the Due Process Clause of the Fourteenth Amendment, but such claims brought by a sentenced prisoner are considered under the cruel and unusual punishment clause of the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29-34 & n.9 (2d Cir. 2017); *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 717-18 (S.D.N.Y. 2017). As a

pretrial detainee at the time relevant to his Complaint, Mr. Rivera's claims of indifference to his health and safety are governed by the Fourteenth Amendment.

To set forth a due process claim under the Fourteenth Amendment for deliberate indifference to health and safety, a plaintiff must allege facts to satisfy two prongs: (1) an "objective prong" showing that the plaintiff's condition of confinement posed an unreasonable risk of serious harm to the plaintiff, and (2) a "*mens rea* prong" showing that the state actor's conduct amounts to deliberate to that objectively serious risk of harm. *See Darnell*, 849 F. 3d at 29; *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019).

Under the objective prong, a detainee must allege that "the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health, . . . which includes the risk of serious damage to physical and mental soundness." *Darnell*, 849 F.3d at 30 (internal quotation marks and citations omitted). A district court evaluates the conditions to which the detainee was exposed in the context of contemporary standards of decency and addresses, *inter alia*, whether the detainee has been deprived of basic human needs including, for example, food, clothing, shelter, medical care, and reasonable safety, or has been subjected to an unreasonable risk of serious harm to his or her future health. *See id.*

Relevant to the *mens rea* element, "deliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind." *Charles*, 925 F.3d at 86 (citing *Darnell*, 849 F.3d at 33–34). Under the *mens rea* prong, a pretrial detainee must allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to

the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

A plaintiff seeking to recover money damages under section 1983 from a defendant in his or her individual capacity must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft*, 556 U.S. at 676.  In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit concluded that "there is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal,* 556 U.S. at 676).  "The violation must be established against the supervisory official directly."  *Id.*

Mr. Rivera's Complaint alleges that he was exposed to COVID-19 due to deliberate indifference by unnamed DOC staff members.  Mr. Rivera, however, has failed to allege the direct personal involvement of any defendant in the asserted indifference to his health and welfare resulting in his exposure to the COVID-19 virus. To the extent that Rivera asserts his allegations against the entire staff of the DOC, his claim is insufficient as conclusory with allegations failing to raise an inference that all DOC staff members acted with deliberate indifference to his health and safety.

Accordingly, Mr. Rivera's Complaint must be dismissed without prejudice.

## ORDERS

For the foregoing reasons, Mr. Rivera's Complaint is **DISMISSED** without prejudice. He may file an Amended Complaint that includes specific allegations describing how each defendant had direct personal involvement in any Fourteenth Amendment violation based on indifference to his health or safety.

If Mr. Rivera does not know the identity of any defendant, he may name specific Jane or John Doe defendants. Mr. Rivera must file an Amended Complaint by **September 3, 2021** or the Court will dismiss this case with prejudice

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of July, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE